McKinney, J.
delivered the opinion of the court.
The branch of the Bank of Tennessee, at Rogersville, was endorsee of two promissory notes, discounted at said branch, of which P. B. Anderson was maker — the one for $5,500 00, endorsed by D. D. Anderson and O. G. Murrell, and the other for $2,000 00, endorsed by A. Anderson and the complainant, who were mere accommodation endorsers, as were also the endorsers upon the other note. As collateral security to the Bank, for both notes, a deed of trust was executed by Anderson the maker, by which a tract of land was conveyed to a trustee, for the sole benefit of the Bank. In said deed it is stipulated that, upon failure of Anderson to meet the calls, and make *127 payment of said notes, according to the ordinary course of business of said Bank, the trustee shall make sale of said tract of land, and the proceeds thereof, after discharging the costs incident to the execution of the trust, shall be applied to the payment of whatever amount shall be found due to said branch of the Bank of Tennessee, from P. B. Anderson on account of his said notes. Anderson having failed to comply with the requirements of said deed of trust, said two notes were regularly protested for non-payment at maturity, and the tract of land conveyed in trust was sold by the trustee, and was purchased by the Bank at the price of $500. The bid was subsequently increased to $5,000 00. After discharging the costs of sale, the net sum realized by the Bank, from the proceeds of the sale, was $4,961 00, the whole of which sum was applied by the Bank towards the satisfaction of the note for $5,500 00 — leaving the other note, upon which the complainant was endorser, wholly unsatisfied. The maker being insolvent, suit was brought upon the latter note against the complainant alone, and on the 15th of September, 1843, judgment was recovered thereon against him for $2,087 66-J, exclusive of costs. The complainant brings this bill to have the fund realized by the Bank, from the proceeds of the sale of said land, applied toward the satisfaction of both notes in proportion to their respective amounts. The Chancellor so decreed, and the Bank has appealed to this court, and the only question in the cause is, did the Chancellor err in the decree pronounced by him? We think not. By the express terms of the trust-deed the land stood pledged equally for the satisfaction of both notes. No question can arise in this case as to the right of the creditor to direct the application of the payment in case of the silence or failure of the *128 debtor to . do so. Because, by the agreement of the Bank and the principal debtor, as evidenced by the stipulation in the deed, the fund arising from the sale of the land, in the event a sale should be made, is required to be applied to both notes, and in the absence of such stipulation, we think the complainant, upon general principles, is clearly entitled to have said fund applied pro rata to both notes. This right, like the right of, contribution among sureties, or the right of a surety who has paid the debt, to the benefit of all the securities which the principal debtor has given to his creditor, is founded not in contract, but is the result of general equity, on the ground of equality of burden and benefit.
If the Bank had coerced payment of both notes from the endorsers, as might have been done, notwithstanding the. collateral security taken from the principal debtor, they would jointly have been entitled, by substitution, to have had the land sold and the proceeds subjected to such pro rata division for their indemnity, and upon either endorser being thus forced to make payment, he had a clear right tó the same relief.
The decree will be affirmed, with costs.